UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-222 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| LOUIS ANTONIO ZAYAS | : | (electronically filed) |
| Defendant. | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

## I.   INTRODUCTION

### Kathryn Ann Price

Just after midnight on July 7, 2016, the Pennsylvania State Police (PSP) in Hazleton were dispatched to rear 1058 Alter Street, Hazle Township, Luzerne County, for an unresponsive female in a bedroom of that residence.  Upon arriving, a female was observed lying on her back in a bed.  An ambulance with a paramedic and EMT were already at the scene assessing what, if any, life saving measures could be taken.  But they could do nothing.  The female on the bed showed no signs of life. She had been down for a while.

It was determined through autopsy and toxicology that the victim died from the use of the highly potent, dangerous and deadly controlled substance – fentanyl.  Pure fentanyl and nothing else.

1

That unresponsive female was not just another overdose victim. She was not just another statistic.  Her name was Kathryn Ann Price. She was 27 years old.  She was the mother of a one-year old son.  At the time of her death, she was 8 months pregnant with her second child. The unborn child was a girl.  She already had a name.  Her name was Savannah.

Kathryn was the daughter of Mary and Eugene Price.  She was a sister to Laura and one of 5 children born to Mary and Eugene Price. Laura Price, the youngest of the Price children, is the person who found her sister unresponsive just after midnight on July 7, 2016.

## The Defendant

The defendant, Louis Antonio Zayas, was convicted after trial of being responsible for the drug distribution that resulted in the death of Kathryn Ann Price and her unborn child.  It was proven beyond a reasonable doubt at trial that the defendant negotiated a price for the fentanyl from his source; he purchased the fentanyl; he brought the fentanyl to Kathryn's home; and delivered fentanyl to Kathryn in the late afternoon of July 6, 2016.  About 5 hours later, Kathryn was dead.

2

The defendant is the man who first bragged about the power of the drug he was going to deliver to Kathryn before he delivered it.  He knew full well that Kathryn was 8 months pregnant when he delivered deadly fentanyl to her on July 6, 2016.  He had delivered drugs to Kathryn on multiple prior occasions as well.  He had been a source of drugs for Kathryn for some time.

On July 5, 2016 (the day before Kathryn's death) the defendant bragged to Kathryn about finding a "*new source*."  The "*new source*," according to the defendant, had "*really good stuff*" and it would get Kathryn "*way higher than ever intended.  LOL*."  (The defendant's words to Kathryn in a text message.)

That was the "*stuff*" that caused Kathryn's death.

That "*really good stuff*" was pure fentanyl.

## II.    Sentencing Guidelines Calculation, Nature and Circumstances of the Offense, and Characteristics of the Defendant.

The Government agrees with the guidelines calculation in the PSR.  In light of the defendant's criminal history and the crimes of conviction, a term of life imprisonment is mandated.  (PSR ¶ 67.)

The facts and circumstances of this case are tragic.  This case involves a tragic loss of life of a young woman and mother.   At times, life has been unbearable for the Price family.  But for the defendant's criminal conduct, Kathryn would today be preparing for a Christmas holiday with her family and her two children.  Kathryn Ann Price was not someone who was lost in her addiction.  She could have beaten it. She was young.  She had family support.  She had so much incentive to recover and live.  But for the defendant's criminal conduct, she would have had that chance.

The defendant, has never expressed even a semblance of remorse for his criminal conduct.  Even in assertions of innocence, he should have felt something for the unbearable pain suffered by the Price Family.  The defendant penned a lot of letters while incarcerated.  He wrote a lot of motions.  He engaged in hundreds of inmate telephone calls with his family.  Yet, he never once expressed sorrow for anyone but himself.  The Government understands that the defendant is not required to express remorse for the loss of Kathryn and her unborn child, or anything else for that matter.  However, it would have said something about his character had he done so.  Instead, his only

4

statement in the PSR, found at paragraph 22, reflects a man who still has no appreciation for what he did.  His statement indicates no remorse and no sorrow for the tragedy he caused.

The defendant's extensive criminal history speaks to who he is. He is someone who committed crime after crime with no indication of an ability to recognize right from wrong.  He has consistently demonstrated that what matters to him most is his own pleasure.

The Government often speaks in cases where a defendant is responsible for the distribution of large quantities of controlled substances in terms of individual doses.  The Government often breaks down large quantities of controlled substances involved in a particular case into individual doses, and argues the potential for each dose to be deadly.  We do so to impart an understanding that each dose could be deadly.  The defendant did not deliver a large quantity of fentanyl to Kathryn.  He did not have to because this case proves the argument that it only takes one dose of deadly fentanyl to end a life.

Had the defendant only recognized the tenderness of Kathryn's situation on July 6, 2016; had he only said not this time; this tragedy

5

would not have occurred.  The defendant failed to do so because there was something in it for him.  By delivering to Kathryn, he got more.

## III.  Conclusion

There is a crisis regarding fentanyl and heroin in the Middle District of Pennsylvania and nationwide.  This Court should consider the opioid crisis, its alarming statistics, and the havoc that fentanyl and other opioids are wreaking in our community when it imposes its sentence in this case.  The defendant fueled the crisis for some time. Most importantly, he fueled the crisis in July of 2016 and Kathryn died.

The facts above speak to the nature and circumstances of the offense conduct in this case and the characteristics of the defendant. The Government respectfully request that the Court impose the mandatory sentence of life imprisonment for the defendant.

Respectfully submitted,

DAVID J. FREED
United States Attorney

By:   /s/ Michelle Olshefski
MICHELLE OLSHEFSKI
Assistant U.S. Attorney
William J. Nealon Federal Building
235 North Washington Avenue
December 15, 2019            Scranton, PA 18503 570-348-2800

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

On December 15, 2019, he served a copy of the attached:

<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

by electronic filing on Joseph O'Brien, Esquire, counsel for the defendant.

/s/ Michelle Olshefski
Assistant United States Attorney